HEIN, Appellant, v. WILKINS, Respondent.

(City Court of New York, General Term. February 8, 1894.)

Action by Jochm Hein against John Wilkins.
Argued before EHRLICH, C. J., and VAN WYCK and FITZSIMONS, JJ.

August P. Wagener, for appellant.
Jeroloman & Arrowsmith, for respondent.

FITZSIMONS, J. The complaint alleges that plaintiff's two infant daugh-ters entered defendant's employ as house servants; that they had, in defend-ant's house. clothing of the value of $400; that the clothing was destroyed' by fire; and that defendant recovered from an insurance company the value thereof, and refused to pay the same over to plaintiff, who, as father, owned his daughters' clothing,—hence this action. The trial justice dismissed the complaint. He did right in doing so. There is no evidence showing that defendant received money from any insurance for the clothing which plain-tiff's daughters had in his house; in fact, the evidence entirely failed to sup-port the complaint, and was rightfully dismissed. Judgment affirmed, with. costs.

LIEBERMAN, Respondent, v. VERMILYE et al., Appellants.

(City Court of New York, General Term. February 8, 1894.)

Action by Ernest Lieberman against Oscar E. Vermilye and another.
Argued before EHRLICH, C. J., and VAN WYCK, J.

M. J. Stein, for appellants.
I. A. Englehard, for respondent.

EHRLICH, C. J. The papers presented a fair case, calling for the ex-ercise of the discretion of the court below, which was not abused by directing: the defendants to furnish the bill of particulars, provided for by the order, which must be affirmed, with costs.

WALDHEIM, Respondent, v. SONNENSTRAHL, Appellant.

(City Court of New York, General Term. February 8, 1894.)

Action by Philip Waldheim against Abraham Sonnenstrahl.
Argued before EHRLICH, C. J., and VAN WYCK and FITZSIMONS, JJ..

Hayes & Greenbaum, for appellant.
Simpson & Werner, for respondent.

FITZSIMONS, J. The plaintiff's testimony certainly shows that he failed' to comply with the covenant in the guaranty, which provided that defendant should be notified, by postal card, if Ginns did not pay five dollars each week, on account of the goods sold; but the testimony also shows that defendant,. after Ginn's default, waived that provision; therefore. the judgment was: right, and must be affirmed, with costs. All concur.